McIlvaine, C. J.
There is no error in the record and judgment of the District Court. It was manifest error in the Court of Common Pleas to dismiss' the original action without permitting a trial to be had upon its merits. An opportunity should have been given to the plaintiff below to take issue upon the alleged payment of the note; and to have such issue tried by a jury. These opportunities were denied to him by the court.
The court must have been led into error, either through ■a misconstruction of sections 534 et seq. of the code, or through a misapprehension of its jurisdiction over the ■persons of the defendants.
When a proceeding by petition or by motion to vacate or modify a judgment is instituted, under section 535 or 536, the first thing to be done by the court, is to try and decide whether or not a “ ground ” to vacate or modify exists. :Sec. 537. “The grounds” referred to in this section are those enumerated in the nine subdivisions of section 534. In some cases, the question thus to be tried and de *345 •tided, can be determined by inspection of the record; in others the testimony of witnesses must be heard. But in all cases, this question must be tried and decided by the judge or judges.
When the existence of ground to vacate or modify is thus decided, the case is not yet ready for a final judgment of vacation or modification. Before such judgment can be entered, if the petition or motion be filed by the defendant in the original action, it must be adjudged that there is a valid defense to the action. Sec. 538. In order that 'the validity of the defense maybe adjudged, an issue or Issues should be made up by proper pleadings. If the proceeding to vacate or modify be by motion, the defendant should be required to file his answer to the original petition, with leave to the plaintiff to reply. If the proceeding be by petition, in which the matters of defense are set forth in issuable form, it would be sufficient, no doubt, to take issue thereon by reply or demurrer. When the issue is thus made up, it should be tried as in other cases. Frazier v. Williams, 24 Ohio St. 625. After such trial, and not before, the court is authorized to render a final judgment or order of vacation, or modification of the original judgment.
The Court of Common Pleas, in this case, erred in not .allowing an issue to be made up, as to the alleged payment of the note, and in proceeding, without the intervention of a jury, to find that the note on which judgment had been taken, was paid by the makers to the payee before its transfer to the plaintiff, and in dismissing the action at the costs-•of the plaintiff". •
It is claimed, however, by the plaintiffs in error, that the judgment was right; because, as it .is alleged, the court had no jurisdiction of the persons of the defendants in the .action.
The point made is, that the warrant of attorney attached to the note, did not authorize the waiving of process or an appearance for them in an action brought by an indorsee of the note; in other words, that the power of attorney was not negotiable.
*346 Upon this point the members of the court are not fully-agreed. For my own part, while admitting that a power-addressed to an individual attorney can not be exercised by another, and that an authority to confess judgment in favor of the payee alone can not be used in favor of an indorsee, I am still wholly unable to find a reason why a power to confess judgment in favor of any holder of the note may not as well be used in favor of an indorsee as in favor of the payee. That such warrant may be used in favor of the-payee is not doubted. It is also clear that the negotiability of commercial paper is not affected by attaching thereto,, as part of the instrument, a power of attorney to confess judgment thereon. The law regards a cognovit attached to commercial paper as a valuable security in the hands of the payee; and to hold that such security can not, in any ease, follow the note into the hands of an indorsee, would' materially depreciate the value of such paper. It appears to me unreasonable that the law should permit the payee-of a note intended for circulation to take such security, and then restrain the negotiation of the paper by declaring a forfeiture of the security if the paper be put in circulation. Commercial policy does not, in my opinion, require' such restriction upon the power to contract.
I know of no decided case in which the doctrine contended for by plaintiffs in error has been recognized. In Osborne v. Hawley, 19 Ohio, 130, it does not appear that the warrant by its terms authorized the confession in favor of any holder other than the payee. If the power was so limited in that case, the decision was clearly right. If it was not so limited, then the authority of that case has already been doubted in Marsden v. Soper, 11 Ohio St. 503.
In England, it was held at an early day, that a cognovit, in favor of the payee, Ms executors and administrators, was available in an action by the personal representative. Cole’s Ex’r v. Haden, Barnes, 44.
Although this point is .fairly made in the case, it is not,, however, necessary that it should now be decided. If it were admitted that jurisdiction of the persons of the de *347 fendants was not acquired by tbe appearance of tbe attorney under the warrant, such jurisdiction was undoubtedly obtained by their voluntary appearance in tbe case, by filing’ their motion and petition,' under sections 535 and 536, asking to be let in to defend, etc. By making such application the defendants submitted their persons to tbe jurisdiction of tbe court, and must be bound by any judgment' afterward rendered in tbe action. Marsden v. Soper, supra.

Judgment of the District Court affirmed.

'Welch, White, Rex, and Gilmore, J.J., concurred.